CHARLES DOUGHERTY, PLAINTIFF IN ERROR, v. THE GREENWICH INSURANCE COMPANY OF NEW YORK, DEFENDANT IN ERROR.

Argued March 16, 1900—Decided June 18, 1900.

A fire insurance policy described the location of the household furniture insured as a store and dwelling. Afterwards the insured removed the insured property and the risk transferred by endorsement described

the location as a frame dwelling-house, the insured using the front room of the first floor of the building as a store. *Held,* that the description contained in a "frame dwelling-house," excludes any other use of the building than as a dwelling; it is a warranty against any such use and for the falsity of that warranty the contract will be void, although no injury was thereby done the insurer.

On error to the Union Circuit. This cause was heard in the Supreme Court, upon the following certified case from the Union Circuit Court:

The above-entitled cause having been brought to trial at the October Term, 1897, of this court, upon the pleadings within contained, and the plaintiff and defendant respectively having adduced, upon such trial, the proofs within set forth, and the judge having charged the jury as within stated, and the jury having rendered a verdict in favor of the plaintiff, and the court having granted a rule to show cause why such verdict should not be set aside and a new trial granted, which said rule is still pending and undetermined:

I do now certify the said pleadings, proofs, charge and rule to show cause to the Supreme Court for its advisory opinion upon the following questions of doubt and difficulty, which have arisen upon such rule, namely:

*First.* Was the policy of insurance upon which the plaintiff's declaration was founded forfeited or made void, as a matter of law, by reason of the fact that when, on the 23d day of April, 1892, the insurance effected by said policy was transferred "to cover similar property contained in the frame dwelling-house No. 211 Delaware street, Elizabeth, N. J."— the house so referred to was, and thence until the fire continued to be, used as a combined store and dwelling and not as a simple dwelling?

*Second.* Was said policy forfeited or made void by reason of the fact that at the time the same was purchased a portion of the property covered thereby was encumbered by the chattel mortgage given by Kate Dougherty to Ludwig Baumann, provided that at the time such policy was purchased the in-

-sured had neither notice nor knowledge of the existence of such mortgage?

Being in doubt as to the above questions, I hereby certify the same to be argued at the bar of the Supreme Court.

Dated January 18th, 1898.

B. VAN SYCKEL,
*Judge of the Union Circuit Court.*


Argued at February Term, 1898, before Magie, Chief Justice, and Justices Gummere and Ludlow.

R. V. Lindabury for the company.

E. E. Day for Dougherty.


PER CURIAM.

The proper response to this first question certified depends on the law applicable to the following facts:

On the 10th day of February, 1891, plaintiff purchased a policy of insurance from the defendant company, insuring him against loss by fire from February 9th, 1891, to February 9th, 1894, on his household furniture " while contained in the two-story and attic frame shingle roof building and two-story frame tin roof extension, occupied as store and dwelling, situated at No. 212 Delaware street, Elizabeth, New Jersey."

In April, 1892, insured removed the insured property from No. 212 Delaware street, which he had occupied as a residence and store, to No. 211 Delaware street.

Thereupon the following endorsement was placed on the policy by the company:

" THE GREENWICH INS. CO., April 23, 1892.

" This insurance is transferred to cover similar property contained in the frame dwelling-house, No. 211 Delaware street, Elizabeth, N. J.

" WM. ADAMS,
*"Asst. Sec'y."*

The effect of this endorsement, in our judgment, was this: The original insurance ceased upon the removal of the furniture, but the contract to insure was revived and renewed upon the property in its newly-described location for the consideration originally paid and for the unexpired term. It became exactly equivalent to a new policy on the property in the locality described in the endorsement.

Upon the removal of this furniture the insured opened, and thereafter continued to keep, a "store" in the front room of the first floor of the building, and the rest of the building was used by him as the "dwelling-house" of himself and his family.

The legal question presented is not affected by the fact that the premium paid was for a risk to the furniture in a building occupied as a store and dwelling, and therefore no increased hazard calling for any greater premium was incurred by its transfer to the new building similarly occupied. For if the description "contained in the frame dwelling-house, No. 211 Delaware street," *ex vi termini*, excludes any other use of the building than as a dwelling, it is a warranty against any such use, and for falsity of that warranty the contract would be void, although no injury was thereby done to the insurer. *Dewees* v. *Manhattan Insurance Co.*, 6 *Vroom* 366.

Many forms of policies of insurance contain, either in references to the application or in the statement of peculiar hazards, sufficient notice to the insured that a description excluding hazardous uses would avoid the contract, and if this contract gave any indication that property was insured in a building in which a store was kept, at an increased premium, as for a more hazardous risk, it might perhaps be contended that the insured avoided his policy by concealing a material fact. But we find no provisions in this policy relating to this particular increase of risk.

There are cases in which the description is not necessarily false, so as to avoid the contract as matter of law, but the question, rather, is whether, as applied to the facts, it is in fact false, or only partial and incomplete, like that contained

in a somewhat similar policy considered by this court in *Martin* v. *State Insurance Co.*, 15 *Vroom* 485. Such cases are probably confined to descriptions where the undisclosed use is not incompatible with the described use, such as billiard-rooms in a building occupied as a boarding-house, a dentist's room in a dwelling-house, or janitor's apartments in a banking-house.

If the description before us were "contained in the dwelling-house in which he resides," or similar description, we think such a case would be presented here.

But description of the place as the frame dwelling-house, No. 211 Delaware street, in our judgment, amounts to an assertion that the building bearing that number was in use as a dwelling-house, and not used for any purpose incompatible therewith. The use of part of the building as a grocery store was an inconsistent and incompatible use with that described.

The result is that the first question must be answered in the affirmative.

As this result will require a new trial, and upon such trial the undisputed facts will necessitate a nonsuit, it seems unnecessary to deal with the second question, which is by no means free from difficulty.

For the plaintiff in error, *Edward A. & William T. Day.*

For the defendant in error, *Sherrerd Depue* and *Richard V. Lindabury.*

PER CURIAM.

The issue in this action was once tried in the Union county Circuit, and upon a rule to show cause why a new trial should not be granted the Circuit Court certified certain questions to the Supreme Court. The Supreme Court, in response, advised that the rule to show cause should be made absolute.

Upon the next trial the Circuit Court followed the opinion

of the Supreme Court and nonsuited the plaintiff. That is the sole error urged against the judgment now under review.

We think the nonsuit was rightly granted, for the reasons stated in the opinion in the Supreme Court.

*For affirmance*—MAGIE (CHANCELLOR), GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, BOGERT, ADAMS. 7.

*For reversal*—COLLINS, HENDRICKSON, VREDENBURGH, VOORHEES. 4.